**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KEN W. DAVIS                          :
                                      :
        Plaintiff,                    :        CIVIL ACTION
                                      :
v.                                    :        NO. 1:15-CV-782-TWT-ECS
                                      :
OCWEN LOAN SERVICING, LLC             :
                                      :
        Defendant.                    :

**FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action is Plaintiff's fourth attempt to avoid the foreclosure sale of real property located at 1975 Shiloh Valley Trail, N.W., Kennesaw, Georgia 30144. It is before the Court on Defendant's motion to dismiss, [Doc. 3], and Plaintiff's notice of voluntary dismissal without prejudice. [Doc. 6]. For the reasons expressed herein, the undersigned **RECOMMENDS** that Defendant's unopposed motion to dismiss be **GRANTED** as to Counts I, II, III, VIII, X, and XI, which should be **DISMISSED WITH PREJUDICE**, and **DENIED AS MOOT** as to Counts IV, V, VI, VII, IX, and XII, which should be **DISMISSED WITHOUT PREJUDICE**, leaving no claims pending.

**I.
Procedural Background**

Proceeding <u>pro se</u>, Plaintiff Ken W. Davis filed his first lawsuit in the Superior Court of Cobb County in May of 2012 against Deutsche Bank National Trust Company as Trustee for Fremont Home

Loan Trust 2005-2, Asset-Backed Certificates, Series 2005-2. [Doc. 3-5].[1] On Plaintiff's motion, the Superior Court dismissed the action in March of 2013. [Doc. 3-6].

Two months later, Plaintiff filed his second lawsuit in the Superior Court of Cobb County, again proceeding pro se, against Ocwen Loan Servicing, LLC ("Defendant"). [Doc. 3-7]. Defendant removed this action to this Court and moved to dismiss. Davis v. Ocwen Loan Servicing, LLC, No. 1:13-CV-1985-TWT (N.D. Ga. June 18, 2013), ECF No. 3. Plaintiff did not respond to the motion to dismiss but instead filed a motion for voluntary dismissal without prejudice, see id., ECF No. 8, which the Court construed to be a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. [Docs. 3-8, 3-9]. That case was thus dismissed without prejudice.

In March of 2014, Plaintiff filed his third lawsuit against

---

[1] The Court may take judicial notice of the previous complaints and court orders attached to Defendant's motion to dismiss because they are matters of public record. See Universal Express, Inc. v. SEC, 177 F. App'x 52, 53 (11th Cir. 2006) (per curiam) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider." (citing Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999))); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.").

Defendant, also proceeding pro se in the Superior Court of Cobb County. [Doc. 3-10]. Defendant again removed this action to this Court and moved to dismiss. Davis v. Ocwen Loan Servicing, LLC, No. 1:14-CV-1045-TWT (N.D. Ga. Apr. 16, 2014), ECF No. 3. Defendant argued that Plaintiff's third action should be dismissed under the two-dismissal rule of Rule 41(a)(1)(B) and, in the alternative, for failure to state a claim for relief under Rule 12(b)(6). Id. Plaintiff filed a response to the motion to dismiss and, later, moved for leave to amend his complaint. Id., ECF Nos. 11, 13. The undersigned entered a report and recommendation that rejected Defendant's argument under the two-dismissal rule and, instead, recommended dismissal on the merits of Plaintiff's claims. [Doc. 3-11]. Plaintiff, however, filed another notice of voluntary dismissal without prejudice, [Doc. 3-12], and the Clerk closed the case without court order.

On February 12, 2015, Plaintiff filed the instant complaint in the Superior Court of Cobb County, again proceeding pro se, and Defendant once again removed the action to this Court. [Doc. 1]. Like Plaintiff's previous complaints, this complaint appears to be a form document downloaded from the internet that has been filed by other plaintiffs in other cases in this district. See Akkan v. Nationstar Mortg., No. 1:14-CV-2825-MHS (N.D. Ga. Sept. 2, 2014), ECF No. 1-1; Alexander v. Nationstar Mortg. LLC, No. 1:14-CV-2511-

SCJ (N.D. Ga. Aug. 4, 2014), ECF No. 1-1; <u>Tonea v. Nationstar Mortg.</u>, No. 1:14-CV-2397-WSD (N.D. Ga. July 25, 2014), ECF No. 1-1; <u>Johnson v. Bank of Am., N.A.</u>, No. 1:12-CV-2881-JEC (N.D. Ga. Sept. 24, 2012), ECF No. 7-1. In none of the above cases has this form complaint survived a motion to dismiss.

Defendant moves to dismiss Plaintiff's complaint under the two-dismissal rule and for failure to state a claim for relief. [Doc. 3-1 at 5-24]. Instead of responding to Defendant's motion, Plaintiff, now represented by counsel, has filed yet another notice of voluntary dismissal, seeking once again to dismiss his case without court order and without prejudice. [Doc. 6]. Because the time provided under the local rules for responding to Defendant's motion has now expired, Defendant's motion to dismiss is deemed unopposed. <u>See</u> LR 7.1(B), NDGa. The matter is thus ready for a report and recommendation to the district judge.

## II.
## <u>Alleged Facts</u>

The instant complaint is not artfully drawn and suffers from multiple infirmities. From the few statements of actual fact alleged, the undersigned gleans that on April 18, 2005, Plaintiff executed a promissory note in favor of non-party Fremont Investment & Loan ("Fremont") in the amount of $238,230.00, and a security deed naming Fremont as "Lender" and Mortgage Electronic Registration

4

Systems, Inc. ("MERS"), "as a nominee for Lender and Lender's successors and assigns." [Doc. 1-1 ¶¶ 7-8]; [Doc. 3-3 at 1-2].[2] Plaintiff alleges that Defendant began servicing the loan "[o]n a date uncertain." [Doc. 1-1 ¶ 10].

On November 20, 2011, Plaintiff sent Defendant "a request for disclosure, rescission, and validation of debt under the federal Truth In Lending Act ('TILA') and a 'qualified written request' under the federal Real Estate Settlement Procedures Act ('RESPA') (collectively, the 'QWR')." [Id. ¶ 21]. Plaintiff alleges that Defendant has yet to respond to the QWR. [Id. ¶ 22]. Defendant has scheduled a total of three foreclosure sales, the most recent of which was set for March 3, 2015, [id. ¶¶ 16, 24], but Plaintiff does not allege that any foreclosure sale has taken place to date.

### III.
### Discussion

Plaintiff asserts the following claims: "Illegal Co[n]version" (Count I); "Attempted Wrongful Foreclosure I (Tort)" (Count II);

---

[2] The Court may consider the security deed attached to Defendant's motion to dismiss because Plaintiff refers to it in the complaint and it is central to his claims. See [Doc. 1-1 ¶ 8]; Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

"Attempted Wrongful Foreclosure II (Statutory Compliance)" (Count III); "Declaratory Judgment (Credit Default Swap)" (Count IV); breach of the covenant of good faith and fair dealing (Count V); "Unfair and/or Deceptive Business Practices" (Count VI); fraud and/or "attempted fraud" (Count VII); RESPA violations (Count VIII); unjust enrichment (Count IX); "Adequate Assurances of Performance" (Count X); unconscionability (Count XI); and reasonable attorneys' fees and expenses (Count XII). [Doc. 1-1 ¶¶ 26-89].

Defendant argues that Plaintiff's complaint should be dismissed because Counts I, II, III, VIII, X, and XI are barred by the two-dismissal rule; the entire complaint is a "shotgun" pleading; and none of Plaintiff's claims alleges sufficient facts to state a claim for relief. [Doc. 3-1 at 5-24]. As previously noted, Defendant's motion to dismiss is unopposed.

Rule 41(a)(1) allows a plaintiff to dismiss an action voluntarily without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The dismissal is without prejudice, unless the notice states otherwise, "[b]ut if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). "[T]he primary purpose of the 'two dismissal' rule is to prevent an

6

unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1268 (11th Cir. 1999) (quoting Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery, 534 F.2d 1012, 1017 (2nd Cir. 1976)); see also Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963) ("The reason for this arbitrary limitation . . . is to prevent unreasonable abuse and harassment.").[3]

Here, Defendant argues that Counts I, II, III, VIII, X, and XI of the complaint should be dismissed with prejudice pursuant to the two-dismissal rule. [Doc. 3-1 at 7]. Defendant submits that these counts assert claims based on allegations and theories of recovery already raised in Plaintiff's prior complaints. [Id.]. Such claims include challenges to Defendant's standing to foreclose and possession of the original promissory note, alleged deficiencies in the foreclosure notices, challenges to the assignment of the loan, failure to respond to a qualified written request, and other violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. [Id.].

---

[3] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

AO 72A
(Rev.8/82)

Upon consideration, and in view of the fact that Plaintiff does not oppose dismissal of these claims under the two-dismissal rule, the undersigned agrees with Defendant that Counts I, II, III, VIII, X, and XI of the instant complaint assert claims for relief that have already been raised and dismissed in Plaintiff's earlier actions against Defendant. Accordingly, the undersigned **RECOMMENDS** that Defendant's unopposed motion to dismiss be **GRANTED** as to Counts I, II, III, VIII, X, and XI of the complaint and that these claims be **DISMISSED WITH PREJUDICE.**

Defendant has not argued that the two-dismissal rule bars Counts IV, V, VI, VII, IX, and XII. Instead, Defendant argues that these claims should be dismissed as shotgun pleadings and for failure to allege sufficient facts to state claims for relief. [Doc. 3-1 at 7-24]. However, in light of Plaintiff's notice of voluntary dismissal, [Doc. 6], the undersigned **RECOMMENDS** that Defendant's motion to dismiss be **DENIED AS MOOT** as to Counts IV, V, VI, VII, IX, and XII of the complaint, and that these claims be **DISMISSED WITHOUT PREJUDICE.**

### IV.
### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's unopposed motion to dismiss, [Doc. 3], be **GRANTED IN PART** and **DENIED IN PART.**

AO 72A
(Rev.8/82)

   **IT IS RECOMMENDED** that Defendant's motion be **GRANTED** as to Counts I, II, III, VIII, X, and XI of the complaint, and that these claims be **DISMISSED WITH PREJUDICE.**

   **IT IS ALSO RECOMMENDED** that Defendant's motion be **DENIED AS MOOT** as to Counts IV, V, VI, VII, IX, and XII, and that these claims be **DISMISSED WITHOUT PREJUDICE.**

   **SO REPORTED AND RECOMMENDED,** this 15th day of May, 2015.


                                    s/ *E. Clayton Scofield III*
                                    E. CLAYTON SCOFIELD III
                                    UNITED STATES MAGISTRATE JUDGE

9

AO 72A
(Rev.8/82)